UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re

Michael D. Carlin,

                    Debtor.
------------------------------------------------------X

Return Date: February 5, 2009
Hearing Time: 10:00 a.m.

Case No. 08-B-11689
Chapter 13
Martin Glenn, U.S.B.J.

**NOTICE OF MOTION**

| | |
|---|---|
| **MOTION BY:** | **MICHAEL D. CARLIN,** attorney for debtor, **pro se** |
| **TIME AND DATE:** | February 5, 2009 at 10:00 a.m. |
| **PLACE OF HEARING:** | United States Bankruptcy Court, S.D.N.Y. One Bowling Green, Room 501, New York, N.Y. 10004-1408 |
| **SUPPORTING PAPERS:** | Objections by **MICHAEL D. CARLIN,** dated December 10, 2008, with exhibits attached thereto, and upon the prior proceedings herein. |
| **RELIEF DEMANDED:** | (A) For an order pursuant to U.S.C. 502 and Fed. R. Bankr. Pro. 3001, 3007 disallowing the following creditors, all of which are unsecured, except for claims #18 and 20, which are allegedly partially secured: |

| NAME OF CREDITOR | CLAIM NO. | DATE OF FILING | AMOUNT |
|---|---|---|---|
| American Express | 4 | 6/11/08 | 1507.09 |
| American Express | 9 | 7/9/08 | 17964.07 |
| LVNV Funding LLC its successors and assigns as assignee of Citibank | 7 | 6/20/08 | 3183.23 |


FILED 2008 DEC 11 A 11: 05 BANKRUPTCY COURT ... OF N.Y.

| | | | |
|---|---|---|---|
| LVNV Funding LLC its successors and assigns as assignee of Citbank | 8 | 6/30/08 | 3446.47 |
| ECAST SETTLEMENT CORPORATION ASSIGNEE OF CAPITAL ONE BANK | 10 | 7/17/08 | 4089.56 |
| FIA CARD SERVICES | 11 | 8/11/08 | 3729.83 |
| CHASE BANK USA NA BY ECAST SETTLEMENT CORPORATION | 12 | 8/11/08 | 3179.30 |
| CHASE BANK USA NA BY ECAST | 13 | 8/11/08 | 3856.72 |
| FIA CARD SERVICES AKA BANK OF AMERICA | 14 | 8/11/08 | 998.85 |
| CHASE MANHATTAN BANK | 15 | 8/11/08 | 2402.25 |
| FIA CARD SERVICES | 16 | 8/13/08 | 14805.02 |
| RBS CITIZENS NA | 17 | 9/4/08 | 730.89 |
| DELL FINANCIAL SERVICES | 18 | 9/15/08 | UNSECURED $512.90; SECURED: $593.26 |
| ROUNDUP FUNDING, LLC | 19 | 9/15/08 | 946.00 |
| ROUNDUP FUNDING | 20 | 9/15/08 | 2227.84 |

| ROUNDUP FUNDING | 21 | 9/15/08 | 2830.34 |
|---|---|---|---|

on the ground, inter alia, that the claims are deficient in that they fail to comply with the requirements contained in Fed.R.Bankr. Pro. 3001(a) that when a proof of claim is based on a writing, an original or duplicate of the writing must be filed with the proof of claim and that the proof of claim "shall conform substantially to the appropriate Official Form" and on the ground that the claims are "unenforceable against the debtor[s] and property of the debtor[s], under any agreement or applicable law" pursuant to 11 U.S.C. 502(b)(1);

(B)With respect to clams #4 and 9, the debtor asserts that the interest rates and fees charged by this creditor are unauthorized, excessive, and unconscionable;

(C)With respect to claims #18 and 20, the debtor asserts that these claims are duplicative of one another and should be dismissed; Also, the claim is being falsely presented as a secured claim when no security interest was ever perfected;

(D) Such further relief as to this Court seems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections to the above-stated relief, if any, must be made in writing and must be served and received by the undersigned at the below address, and filed with the clerk of the Court, with a copy to the chambers of the Honorable Martin Glen, no later than three (3) days prior to the above-stated return date.
Dated: New York, New York
December 10, 2008

**MICHAEL D. CARLIN**
*Attorney for Debtor*
27 Broadway, 21st Floor,
New York, N.Y. 10004
(212) 269-3100

By: _____
**MICHAEL D. CARLIN (2914)**

# TABLE OF CONTENTS

A. Claims #4 and 9 by American Express ..................................... Page 6

B. Claims # 7 and 8 filed by LVNV Funding ................................. Page 10

C. Claim # 10 filed by Ecast Settlement Corp. Assignee of Capital One .......... Page 11

D. Claim #11 filed by Ecast Settlement ..................................... Page 12

E. Claim #12, 13, 14, and 15 filed by Ecast ................................. Page 13

F. Claim No. 16 ......................................................... Page 14

G. Claim #17 filed by RBS Citizens ........................................ Page 15

H. Claim # 18 and 22 filed by Dell Financial Services ........................ Page 15

I. Claim #19, 20, and 21 filed by Roundup Funding, LLC ..................... Page 16

DISCUSSION .......................................................... Page 16

CONCLUSION ......................................................... Page 19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re

MICHAEL D. CARLIN,

Debtor.

-----------------------------------------------------------------X

Case No. 08-B-11689
Chapter 13
Martin Glenn, U.S.B.J.

**OBJECTIONS BY DEBTOR TO PROOFS OF CLAIMS**

**HONORABLE MARTIN GLENN, BANKRUPTCY JUDGE:**

The application of MICHAEL D. CARLIN (the "Debtor") objecting to the allowance

of the unsecured claims # 4, 9, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, respectfully alleges:

1. On May 5, 2008, the Debtor filed with this court a petition pursuant to Chapter

13 of Title 11 U.S.C. (the "Bankruptcy Code"). Jeffrey L. Sapir was appointed the Chapter 13

Trustee. The first meeting of creditors was held and closed on June 26, 2008. A confirmation

hearing was held on Aug. 21, 2008 and subsequently adjourned to Dec. 11, 2008.

2. This court has jurisdiction over this motion pursuant to 28 U.S.C. sections 157 and

1334. Venue of this case and this motion in this district is proper pursuant to 18 U.S.C.sections

1408 and 1409. The statutory predicated for relief sought herein are Title 11 U.S.C. 502 and

Fed.R.Bank.Pro. 3001 and 3007.

3. By this motion, the Debtor seeks to disallow the claims identified in the

attached notice of motion. Copies of the proofs of claims have been annexed to this motion as

Exhibit A.

4. Bankruptcy Rule 3001 requires that when a proof of claim is based on a

writing, an original or duplicate of the writing must be filed with the proof of claim[1]. Rule 3001(a) also states that the proof of claim "shall conform substantially to the appropriate official Form[2]." A review of the proofs of claim objected to reveals that they are devoid of any documentation as to the liability of the debtor aside from a "summary sheet" attached to the claim form which simply repeats the information filled in on the claim form. The claims do not establish a prima facie showing that there are valid contracts between the debtor and the respective creditors, nor how the amounts were computed.

5. Line 7 of Official Form B10 sets forth what type of supporting documents will act as evidence of the validity of the claim:

> "7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the doucments are voluminous, attach a summary."

6. The purpose of these rules is to ensure that debtors and other interested parties have sufficient information to determine whether to object to the claim. Without such evidence, it is impossible to determine whether the amount claimed by the creditor has been inflated with the imposition of illegal post-petition interest or fees. As a minimum, recent court decisions have required creditors to produce sufficient number of monthly account statements to show how

---

[1] Fed. R. Banrk. Pro. 3001(c). If the writing has been lost or destroyed, a statement describing the loss or destruction must be filed.

[2] Fed. R. Banrk. Pro. 3001(a). The directions to Official Form 10, Proof of Claim, provide '[c]reditors must attach to the proof of claim form copies of any documents showing the debtor owes the debt claimed or, if the documents are too lenghty, a summary of those documents."

the total amount has been calculated as well as a copy of the original agreement authorizing the charges and fees included in the claim[3]. The form of the existing claims filed by the creditors in this case denies the Court, the Trustee, and the Debtor the opportunity to determine the validity of the claims in question and the extent to which the amount of the claim is accurate. This unfairly shifts the burden of determining the validity to the Debtor who is far less sophisticated than the claim filers in understanding credit transactions, average daily balance computations and what is the precise method to determine the accrued interest on the account. Moreover, as is further discussed below, the above-referenced proofs of claim are "unenforceable against the debtor and property of the debtor[s] property of the debtor[s], under any agreement or applicable law" pursuant to 11 U.S.C. 502(b)(1). As is further discussed below, under New York law, a debt buyer or assignee must prove by a "preponderance of the evidence" that it owns the debt which it is trying to collect. The creditors who filed as assignees have not submitted documentary evidence to establish that they are the true owners of these debts.

7. The debtor has written to each of the creditors in question, requesting verification and proof of the claims in question. Copies of the letters have been annexed to this motion and a part of Exhibit A. To date, the only responses received on behalf of these creditors were two E-mail letters dated November 11, 2008 and November 20, 2008, Exhibit B.

**A. Claims #4 and 9 by American Express**

8. The debtor objects to these claims on multiple grounds. First, there is a lack of the required documentation. Secondly, the debtor asserts that he did not sign any agreement with this creditor and never specifically agreed to the excessively high and usurious interest rates

---

[3]See *In re Henry*, slip op. BK No. 03-25104 (Bankr. W.D. Wash. Apr. 14, 2004)

charged by this creditor in addition to the other exorbitant and generally unconscionable fees.[4]

Thirdly, the debtor and this creditor entered into an agreement, effective on or about December 15, 2005, which provided that this creditor would waive interest and penalties, if the debtor continued to make payments in the stipulated amount, according to which agreement the Debtor faithfully complied until he was compelled to file his Chapter 13 petition on May 5, 2008. Upon filing for Chapter 13, this creditor sought to penalize the debtor by almost tripling the amount of the debt on claim #9, on which the debtor the debtor had paid $9375.31 between 12/19/05 and 4/30/08, thereby, according to the parties' agreement, reducing the balance from $15,494.03 to $6,118.72. However, the proof of claim in question, #9, demands an unconscionable $17,964.07. In other words, this creditor seeks to add an additional $11,845.35 to the agreed upon amount of the debt as a penalty for the debtor's having to file a bankruptcy petition despite

---

[4]Similarly, Courts have refused in similar cases to permit credit card agreements to modify unilaterally credit card agreements to include arguably unconscionable terms where, as here, there was no specific agreeement on the part of the card holder to do so.**SHIFRA M. STONE vs. GOLDEN WEXLER & SARNESE, P.C., SHARINN & LIPSHIE, P.C., and CAPITAL ONE BANK, 341 F. Supp. 2d 189**: "In Badie, as here, the bank sought to "add an entirely new *kind* of term to the original account agreements"--agreements "which did not include any provision regarding the method or forum for resolving disputes." *Id. at 283* (emphasis in original). Thus, the court found that principles of contract modification did not support the bank's position.

The court next addressed whether the bank's attempt to exercise its discretionary power under the change-in-terms provision conformed with the duty of good faith and fair dealing. The court concluded that:

the Bank reserved to itself the unilateral and nonnegotiable right to vary every aspect of the performance required by the parties to the account agreements. The Bank's interpretation of how broadly it may exercise that right, with no limitation on the substantive nature of the changes it may make as long as it complies with the *de minimis* procedural requirement of 'notice,' virtually eliminates the good faith and fair dealing requirement from the Bank's relationship with its credit account customers . . ."

the fact that the debtor faithfully paid $9375.31 during this period of approximately 2 years and 4 months prior to filing for bankruptcy.

9. Likewise with respect to claim #4, the original balance was stipulated to be $2,475.25 on Dec. 19, 2005. Thereafter, the Debtor paid $1,547.74, thereby reducing the balance to $927.51. This agreement is reflected in the letter, dated Nov. 11, 2008, Exhibit B, which acknowledges that the debtor had faithfully paid the stipulated monthly payment of $53. Therefore, since the debtor filed a bankruptcy petition on May 5, 2008, this creditor seeks to penalize the Debtor by demanding an additional $546.80 in interest and penalties.

10. This agreement is also memorialized in a letter regarding claim #9 from American Express, dated Feb. 8, 2008, Exhibit C, which reflects this agreement to waive all interest and penalties during the repayment period and which set the amount due as of 2/8/08 as $8392.02, which is less than half the amount currently demanded by this creditor in claim #9.

11. Claim #4 demands interest at the rate of 18.24% as per their proof of claim. Exhibit A. Claim #9 demands interest at the rate of 27.99%. Ibid. The maximum interest rate in New York State is generally 16% per annum. *GOL § 5-501; Banking Law § 14.* The penalties assessed with respect to usurious loans with interest in excess of the statutory maximums can involve the lender's forfeiture of the entire loan balance. *GOL § 5-511. Banking Law § 108(6).* While the creditor may under certain circumstances be entitled to charge interest rates in excess of the maximum New York State legal interest rate, such an assent to such unconscionably high interest rates should be clearly be granted by the debtor. In this case, the debtor never agreed to such excessive and usurious interest rates, nor should his mere use of the cards years earlier are construed as a blanket consent to the unconscionably high interest rates demanded by the

creditor in this case.

12. Attached hereto as Exhibit D is a computer printout of the payments collected by the Debt Collection Agency and remitted to this creditor during the period from 12/05 through 05/08.

13. The agreements attached to the E-mails, Exhibit B, consist of boilerplate, three column documents, which number 11 pages in the case of claim #4 and 10 pages in the case of claim #9. The agreement produced by the creditor in support of claim #4 bears a date "10/06", which is a date long after the debtor first received the credit card in question and long after he stopped using it. The agreement produced in support of claim #9 is dated "5/05," which likewise is long after the debtor first received the credit card in question. Neither one of these documents bears the debtor's signature, nor is there any proof that the documents were in fact sent to, or received by, the debtor. Nor is there any evidence that the debtor ever agreed to any of the terms in these agreements. The debtor never specifically agreed to any of the interest rates and penalties later charged by the creditor in connection with these cards. For example, during the period from 12/05 through 4/08, when the debtor faithfully complied with his obligation to send appr. $347 monthly to this creditor, the creditor continued to gouge the debtor with excessive, unconscionable fees, such as a monthly "Delinquency Fee Assessment" in the amount of $38 and on "Overlimit Fee Assessment' in the amount of $35, in addition to the appr. 30% interest rate. See representative statements, Exhibit E. It is such unconscionable gouging of debtors in financial distress which has brought discredit to the credit card industry.

14. Finally, the statements attached to the creditors' E-mails do not reflect any of the original charges which presumably constituted a portion of the principal amounts reported in

the statements provided, which only consist of statements sent *after* the debtor stopped using the cards. Thus, the creditor failed to comply with the debtor's letter dated Oct. 29, 2008, demanding: (1) the underlying agreement and the <u>actual credit card charges</u> constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *In Re: Dale J. Porter* 374 B.R. 471 at 481. [Underlining added].

## B. Claims # 7 and 8 filed by LVNV Funding

15. LVNV appears to claim to be an assignee from Citibank. However, the attached "<u>Bill of Sale and Assignment of Accounts</u>," attached to proof of claim, Exhibit A, does not identify these specific accounts as being transferred, nor do they mention this Debtor. Additionally, the documents in question refer to the buyer as "NVLV Funding LLC ("Subsequent Buyer")." However, there is no documentation of either a subsequent assignment to LVNV, nor is there evidence that "NVLV Funding LLC ("Subsequent Buyer")" is the same party as LVNV Funding. It is therefore submitted that this documentation is deficient. The debtor has received no response from this creditor to his Oct. 29, 2008 letters, Exhibit A, which demanded: "Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *In Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that LVNV Funding LLC. purchased this account from any other entity. In

accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and

other documents showing that LVNV Funding LLC is the Assignee of the debt and that you are

legally authorized to collect this debt from the debtor. Please also provide the full corporate

names and addresses of the original creditor(s). If LVNV Funding LLC did not receive this

account from the original creditor, provide documentation of assignment(s) from the original

creditor to the creditor from whom LVNV Funding LLC was assigned the account."

Additionally, the creditor failed to provide the following additional documentation (1) the

underlying agreement and the actual credit card charges constituting the basis for the claim; *See*

*Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432

(B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account

number, the prepetition account balance, interest rate, and a breakdown of the interest charges,

finance charges and other fees [collectively, "Other Charges"] that make up the balance of the

debt, or attach enough monthly statements so that this information can be easily determined; *In*

*re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

16. The debtor does not know this creditor and has no proof that this creditor is in

fact the true owner of this debt. This creditor did not responde to the debtor's letters.

**C. Claim # 10 filed by Ecast Settlement Corp. Assignee of Capital One**

17. Ecast has submitted no sufficient documentation of any assignment from

Capital One. The creditor failed to comply with the debtor's Oct. 29, 2008 letter: "Pursuant to

relevant Bankruptcy Court authority (*In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter*

374 B.R. 471), please send to the debtor at the address listed above verification that Ecast

Settlement Corp. purchased this account from Capital One. In accordance with the Uniform

Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account." Exhibit A.

18. The proposed evidence of assignment of this debt, Exhibit F, does not identify this debtor, nor the account in question. According to the case of *In Re: Dale J. Porter* 374 B.R. 47, this documentation is insufficient to establish a prima facie case of an assignment of this claim. "When the creditor is an account assignee, the proof of claim also must specify either the original account number (and original account creditor) or an account number (and creditor) to which the debtor directed at least one prepetition payment. 16 *Cf. In re Hughes,* 313 B.R. at 212 ("In the event the claimant is an assignee of a debtor's original creditor, a claimant must attach . . . sufficient information to identify the original credit card account.")." *In Re: Dale J. Porter* 374 B.R. 471 at 481. The debtor does not know this creditor, and has no proof that this debtor is in fact the owner of any debt owed by the debtor.

**D. Claim #11 filed by Ecast Settlement**

19. Likewise with respect to claim #11, the debtor has sent the same letter to this creditor demanding: "Please be advised that the debtor disputes whether Ecast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that Ecast Settlement

Corp. purchased this account from Bank of America. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account." Exhibit A.

20. Additionally, the statements sent to the debtor by E-mail do not reflect any of the original charges, nor does it contain a copy of the original agreement. Therefore, it is impossible to calculate the correct amount of the debt, including the amount of past interest and other charges. Therefore, this creditor did not comply with the demand: "Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcy Court authorities, the debtor is entitled to demand and now hereby demands the following supporting documentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *In Re: Dale J. Porter* 374 B.R. 471 at 481." Exhibit A.

**E. Claim #12, 13, 14, and 15 filed by Ecast**

21. The debtor makes the same objections with respect to these four claims as with respect to claim #11. First, the debtor was not sent a copy of any agreement, nor did he receive any statement reflecting the original charges allegedly made by the debtor. Additionally, the debtor was not sent a copy of the assignment. If such an assignment exists, the debtor doubts if it complies with the requirements set forth above: "When the creditor is an account assignee, the proof of claim also must specify either the original account number (and original account creditor) or an account number (and creditor) to which the debtor directed at least one prepetition payment. 16 *Cf. In re Hughes,* 313 B.R. at 212 ("In the event the claimant is an assignee of a debtor's original creditor, a claimant must attach . . . sufficient information to identify the original credit card account.")." *in Re: Dale J. Porter* 374 B.R. 471 at 481. The debtor does not know this creditor, and has no proof that this debtor is in fact the owner of any debt owed by the debtor.

**F. Claim No. 16**

22. The debtor repeats many of the same objections as he made to the earlier claims, including the fact that he was never sent a copy of the alleged credit card agreement, nor was he sent any of the statements, indicating any charges made by the debtor. Therefore, this creditor failed to comply with the debtor's Oct. 29, 2008 letter demanding: "Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcy Court authorities, the debtor is entitled to demand and now hereby demands the following supporting documentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2)

account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *In Re: Dale J. Porter* 374 B.R. 471 at 481." Exhibit A.

### G. Claim #17 filed by RBS Citizens

        23. The debtor repeats many of the same objections as he made to the earlier claims, including the fact that he was never sent a copy of the alleged credit card agreement, nor was he sent any of the statements, indicating any charges made by the debtor. In fact this creditor did not respond at all to the debtor's 10/29/08 letter. Therefore, this creditor failed to comply with the debtor's Oct. 29, 2008-letter demanding: "Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcy Court authorities, the debtor is entitled to demand and now hereby demands the following supporting documentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *In Re: Dale J. Porter* 374 B.R. 471 at 481." Exhibit A.

### H. Claim # 18 and 22 filed by Dell Financial Services

24. The debtor objects to the claim on several grounds. First, these two claims appear to be duplicative of each other. Second, this is not a secured claim since there was no evidence that this claim was ever perfected. Third, there are no statements indicating the original charges, if any, and when they allegedly occurred. Likewise, the creditor never responded to the debtor's Oct. 29, 2008 letter, demanding this documentation.

## I. Claim #19, 20, and 21 filed by Roundup Funding, LLC

25. The debtor sent two letters to this creditor, demanding documentation of any assignment as well as the original agreement, charges, interest rates, etc. Exhibit A. To date, this creditor has sent no reply. For all reasons described with respect to the other assigned claims, the debtor moves to expunge these claims as well.

## DISCUSSION

26. A creditor who failed to prove through sufficient evidence that it was the transferee of an unsecured Chase Cardmember Service credit card account failed to establish that it was a creditor and consequently had its proof of claim disallowed in the debtor's bankruptcy pursuant to Bankruptcy Code Sections 501(1) and 502(a), the U.S. Bankruptcy Appellate Panel for the First Circuit ruled on July 8, 2008, affirming (B-Real LLC v. Melillo, in re Melillo) B.A.P. 1st Cir., No. MB 07-060, July 8, 2008. Exhibit G. In its discussion, the Court distinguished between the "nonexclusive" approach under which a claim can be disallowed when supporting documents are not attached to a proof of claim as is required by Rule 3001 and the "exclusive approach" under which the list enumerated in Section 502(b) is exclusive and a claim cannot be disallowed for any reason other than those listed. *In re Kirkland* 379 B.R. 341. The court noted, however, that even under the "exclusive approach" a claim may be disallowed for

failure to attach supporting documents if the failure to attach the documents renders the claim unenforceable under state law. Id. At 348-349. Section 521(b)(1) provides that a claim can be disallowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Under New York law, a debt buyer or assignee must prove through "preponderance of the evidence" that it owns the account in question in order to recover upon it. *Palisades Collection LLC v. Haque* N.Y.L.J. 4/13/06, p. 20, col. 3 (Civ. Ct. Queens Co.). Failure to show sufficient ownership of the debt under state law must render the proof of claim void ab initio.

27. For an illustration of the problem, see *Citibank (South Dakota), N.A. v. Martin*, 11 Misc.3d 219, 807, N.Y.S.2d 284, which sets forth the applicable proof requirements:

> As a part of a credit card issuers presentation of a prima facie case, the motion papers must include an affidavit sufficient to tender to the court the original agreement, as well as that any revision thereto, and the affidavit must aver that the documents were mailed to the card holder. n4 The same affidavit typically advances copies of credit card statements which serve to evidence a buyer's subsequent use of the credit card and acceptance of the original or revised terms of credit . . . **It is the assignee's burden to prove the assignment** . . . an assignee must tender proof of assignment of a particular account . . . (emphasis added).

28. In the case of *Palisades Collection LLC v. Haque* N.Y.L.J. 4/13/06, p. 20, col. 3 (Civ. Ct. Queens Co.), the court dismissed a case because the plaintiff could not prove title to the debt, could not authenticate the contract, and could not show that the debtor had failed to pay. That plaintiff did not prove by a preponderance of the evidence that defendant's account was in fact assigned to the plaintiff. *Copelco Capital, Inc. v. Packaging Plus Services, Inc.* 243 A.D.2d 534 [2nd Dep't 1997]; *Citiban (SD) Na v. Martin* 2005 Slip Op. 25537.

29. Similarly, in the case of *Palisades Collection, LLC V. Gonzalez* 10 Misc. 3d

1058A, 809 N.Y.S.2d 482, that Court held that the plaintiff's motion for summary judgment must be denied where it had submitted affidavits based upon "books and records," but not executed by someone familiar with first hand knowledge of the entity engaged in the transactions. The court also held that evidence of assignment was insufficient without the actual assignment document. Other courts from other jurisdictions have come to the same or similar conclusion. *Unifund CCR Partners v. Harrell* 2005 Conn. Super. LEXIS 2037(8/3/05); *First Select Corp v. Grimes* 2003 Tex . App. LEXIS 604 (1/23/03).

30. In this case, the claim filers cannot establish ownership of the debt as a transferee. "Even though Fed. R. Bankr. Pr. 3001(e)(1) allows a transferee to file a claim, it creates no presumption of ownership" See *Merillo* at pg. 8. Therefore there is no presumption of a prima facie vailidity of the debt.

31. While the debtor relies upon the *Merillo* case, supra, there is an earlier and lower court case which appears to have a contrary approach, namely, the case of *In re Marilyn C. Kincaid,* 388 B.R. 610 (EDPA, 6/2/08). The debtor in this case and the court in the *Merillo* case, supra, argue that despite what the creditor attaches to the proof of claim, under Section 502(b)(1), the claim should be disallowed if it is "unenforceable against the debtor, under any agreement or applicable law for a reason other than because such a claim is contingent or unmatured." *Merillo* at page 6. In other words, only the true owner of the debt allowed to file a claim ab initio. Furthermore in the *Kincaid* case, supra, the debtor made no additional requests for additional documentation or for proof of the assignment from any of the claim filers.  In this case, the debtors sent letters to all of the disputed claim holders on Oct. 29, 2008, requesting verification of the debt and proof of ownership. Some creditors failed to respond at all. Others

failed to respond in a satisfactory manner.

32. Therefore, it a debt buyer cannot prove that it has title to the debt, cannot authenticate the contract between the original creditor and the debtor, and cannot show that the debtor failed to make payments on the underlying debt, the debt buyer cannot make a *prima facie* showing that it is entitled to payment on the debt.

33. In the case at hand, a request for verification and proof that the claim filers actually purchased the debt was made. No response has been received. The debtor believes that the claim filers cannot produce any admissible evidence showing the purchase and assignment of the specific debt contained in the proofs of claim files with this Court, and cannot produce admissible evidence showing an account stated and therefore, the claims should be disallowed and expunged.

34. No prior application has made for the relief requested herein.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that the Court grant the relief requested herein, to wit, disallowing, expunging claims #4, 9, 7, 8, 10-21, together with such other and further relief as is just and equitable.

Dated: New York, New York
December 10, 2008

_____
MICHAEL D. CARLIN (2914)

FORM B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK NEW YORK DIVISION | PROOF OF CLAIM Chapter 13 |
|---|---|

| Name of Debtor MICHAEL CARLIN AKA: MICHAEL D CARLIN | Case Number 08-11689-MG |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
American Express Travel Related
Services Co., Inc.

Name and address where notices should be sent:
   American Express Travel Related Services Co., Inc.
   c/o BECKET & LEE LLP
   Attorneys/Agent for Creditor
   P.O. BOX 3001
   Malvern, PA  19355-0701
Telephone number: (610) 644-7800

Name and address where payments should be sent (if different from above)

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $  1,507.09

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim.
Attach itemized statement of interest or charges

2. Basis for Claim: CREDIT CARD DEBT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ***********5009

   3a. Debtor may have scheduled account as:
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property:$_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection:_____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 05/23/08

   /s/Thomas A. Lee III
   Becket & Lee LLP, Attorneys/Agent for Creditor

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/08



**Gold Card
Statement of Account**

**Earn points on all of your
purchases, everywhere
you use the Card.**
Visit www.americanexpress.com/rewards.

| Prepared For | | Account Number | Closing Date | |
|---|---|---|---|---|
| MICHAEL CARLIN | | 5009 | 12/08/06 | Page 1 of 3 |

| | Previous Balance $ | Payments/Credits $ | New Charges $ (inc. Finance Charge if any) | New Balance $ | Minimum Amount Due $ | **Please Pay Upon Receipt** |
|---|---|---|---|---|---|---|
| Due in Full | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Please refer to page 3 on How to Avoid Additional Finance Charges. |
| Flexible | +1,925.54 | -53.04 | +29.84 | +1,902.34 | +39.00 | |
| Total | 1,925.54 | -53.04 | +29.84 | =1,902.34 | 39.00 | Please refer to page 2 for important information regarding your account |

Your communication is acknowledged. Do not pay disputed amount until resolved.

For assistance or questions about your account, contact us at  **www.americanexpress.com**  or call Customer
Service at  **1-800-327-2177.**

## Activity  * Indicates posting date

| | Amount $ |
|---|---|

| | | |
|---|---|---|
| **Total of Card Transactions** | New Charges | 0.00 |
| | Payments/Credits | 0.00 |

---

✂ Please fold on the perforation below, detach and return with your payment ✂

*Continued on Page 3*

**Payment Coupon**

| Account Number | **Please Pay Upon Receipt** |
|---|---|
| 5009 | |

Please enter account number on all checks and correspondence.

**Total New Balance
$ 1,902.34**

Please refer to Page 3 on How to Avoid Additional Finance Charges.

**Minimum Amount Due
$39.00**

Note any address and/or telephone number change on reverse side.

MICHAEL CARLIN
SUITE 1706
40 EXCHANGE PL #1706
NEW YORK NY  10005-2722

Unless you check here, this change will apply to all of your Card Accounts except any Corporate Card Accounts you may have.

$ _____ . ____
Amount enclosed

Mail Payment to:

AMERICAN EXPRESS
P.O. BOX 2855
NEW YORK NY 10116-2855

5009

20639  U04807FA  00750

 **Prepared For**
**MICHAEL CARLIN**

| | Account Number | Closing Date | Page 3 of 3 |
|---|---|---|---|
| | 5009 | 12/08/06 | |

## Flexible Payment Option Statement of Account

Closing Date
12/08/06

**Payment Received.  Payment Due By 01/02/07.**

| | Account Summary $ | Minimum Payment $ | Payment Due Date 01/02/07 |
|---|---|---|---|
| Previous Balance | 1,925.54 | **39.00** | |
| Payments/Credits | -53.04 | | |
| FINANCE CHARGE | 29.84 | | |
| New Charges | 0.00 | | |
| New Balance | 1,902.34 | | |

| **Finance Charge Schedule** | Balance(s) to Which Rate Applies | Average Daily Balance | Annual Percentage Rate | Daily Periodic Rate | Please refer to page 3 for important information regarding your Sign & Travel and/or Extended Payment Option. |
|---|---|---|---|---|---|
| | ALL | $1,926.33 | 18.24 % | .0500% | |

Certain of the periodic rates and APRs above may be variable. Those rates may vary based upon the prime rate identified in the Wall Street Journal, as described in your Cardmember Agreement as currently in effect.

### S&T and/or ExPO Activity for MICHAEL CARLIN
Card XXXX-XXXXX2-25009

Amount $

| 12/01/06 | PAYMENT RECEIVED - THANK YOU | -53.04 |
|---|---|---|

| **Total of S&T and/or ExPO Activity** | New Charges | 0.00 |
|---|---|---|
| | Payments/Credits | -53.04 |

## Important Sign & Travel and/or Extended Payment Option Information

**Finance Charge:** To calculate the Finance Charge, we multiply the Daily Periodic Rate, by the Average Daily Balance for the billing period. Then we multiply the product by the number of days in the billing period. To get the Average Daily Balance we take the beginning balance of the Extended Payment Option ("Account") each day, add any new Account Charges and accrued and unpaid Finance Charges and subtract any payments or credits. Then we add up the daily balances for the billing period and divide by the number of days in the billing period. This gives us the Average Daily Balance. This method of computation of the Average Daily Balance results in compound interest. If in any 12 month period ending with the Closing Date of the current billing period you were in default on your Account or any other American Express Account, the APR applicable to your entire Account balance will be as disclosed to you in your Cardmember Agreement and its supplement(s). **Payments:** Please see the payment information and instructions on Page 2. Remember, your payment each month should be for at least the Minimum Amount Due or the Total Amount Due, whichever appears on the Card Account Statement. Either amount includes the Account Minimum Payment shown on the Account Statement and the balance due on your Card Account. If you want to pay more than the Minimum Payment ( up to the entire Account New Balance ) , make your payment for the larger amount and the excess will be applied to your Account. **How to avoid Additional Finance Charges:** To avoid additional Finance Charges the Account New Balance must be paid in full by the Closing Date of the next billing period. American Express Centurion Bank will not impose Finance Charges for Account Charges made in any billing period for which payment in full has been received on or before the Closing Date of the next billing period. **Creditor:** The Extended Payment Option and/or Sign & Travel is issued by American Express Centurion Bank.

**Billing Inquiries**
Customer Service
1-800-327-2177
(24 hours, toll free)

**Address**
American Express
Customer Service
P.O. Box 297807
Ft. Lauderdale, FL
33329-7807

20330 V00U677A 00750

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New Y0rk 10004

---

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

American Express
c/o Becket and Lee LLP
POB 3001
Malvern Pa 19355-0701

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************3001

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Amerincan Express by your office in the amount of $17,964.07, a copy of which is attached for your consideration. Please be advised that the debtor disputes the liability and the amount claimed in this proof of claim.

In reliance upon relevant Bankrupctcy Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

Further, the debtor disputes the amount inasmuch as the creditor did not abide by its agreement not to charge interest and penalties so long as the debtor participated in a debt managment program, which the debtor did. Also, the amount of interest and penalties is exorbitant and usurious, as to which excessive and exorbitant charges the debtor never agreed. Please provide documentation

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

American Express
c/o Becket and Lee LLP
POB 3001
Malvern Pa 19355-0701

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************5009

To Whom It May Concern:

     Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Amerincan Express by your office in the amount of $1,507.09, a copy of which is attached for your consideration. Please be advised that the debtor disputes the liability and the amount claimed in this proof of claim.

     In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath), 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005)*; (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

     Further, the debtor disputes the amount inasmuch as the creditor did not abide by its agreement not to charge interest and penalties so long as the debtor participated in a debt managment program, which the debtor did. Also, the amount of interest and penalties is exorbitant and usurious, as to which excessive and exorbitant charges the debtor never agreed.

     If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

FORM B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT ~ SOUTHERN DISTRICT OF NEW YORK NEW YORK DIVISION | PROOF OF CLAIM Chapter 13 |
| --- | --- |

| Name of Debtor: MICHAEL CARLIN AKA: MICHAEL D CARLIN | Case Number 08-11689-MG |
| --- | --- |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
American Express Centurion Bank

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent
American Express Centurion Bank
c/o BECKET & LEE LLP
Attorneys/Agent for Creditor
P.O. BOX 3001
Malvern, PA 19355-0701
Telephone number: (610) 644-7800

Court Claim Number:_____

Filed on: _____

Name and address where payments should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statment giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 17,964.07

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges

2. Basis for Claim: CREDIT CARD DEBT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ***********3001

3a. Debtor may have scheduled account as:
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property:$_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection:_____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the following catagories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 07/01/08 | FOR COURT USE ONLY |
| --- | --- |
| /s/Thomas A. Lee III Becket & Lee LLP, Attorneys/Agent for Creditor | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/08

**Optima® Platinum**
**from American Express**

To manage your account online, visit americanexpress.com

| Prepared For | Account Number | Closing Date | |
|---|---|---|---|
| MICHAEL CARLIN | 3001 | 04/14/08 | Page 1 of 2 |

| Previous Balance $ | Payment Activity $ | New Activity $ inc. Adjustments and Finance Charges if any | New Balance $ | Minimum Amount Due $ | Payment Due Date 05/04/08 |
|---|---|---|---|---|---|
| 18,311.07 | -347.00 | 0.00 | =17,964.07 | 3,220.22 | **Minimum Amount Due Includes:** Past due amount $2,861.22 This month's amount due $359.00 Please refer to page 2 for important information regarding your account |

| Credit Line Summary on 04/14/08 | Total Credit Line $ | Available Credit Line $ | Cash Advance Limit $ | Available Cash Limit $ |
|---|---|---|---|---|
| | 500.00 | 0.00 | 0.00 | 0.00 |

Your account is cancelled. Please destroy all credit cards and/or checks.

Your account is overlimit. Please pay at least $17,464.07, plus any additional charges you have incurred since the date of this billing statement, to avoid any overlimit fees on your next statement. Please see your Cardmember Agreement for additional terms and conditions that may apply.

To manage your Card account online or to pay your bill, please visit us at www.americanexpress.com. For additional contact information, please see the reverse side of this page.

## Activity    *indicates posting date

| | | |
|---|---|---|
| 04/08/08 | AGENCY REMITTANCE 04/08 | -347.00 |

**Total of New Activity**                                      0.00

| Finance Charges Billing days this period: 30 | Average Daily Balance $ | Daily Periodic Rate | Actual ANNUAL PERCENTAGE RATE | Nominal ANNUAL PERCENTAGE RATE | Periodic FINANCE CHARGE $ |
|---|---|---|---|---|---|
| Purchases | 0.00 | 0.0767% | 0.00% | 27.99% | 0.00 |
| Cash Advances | 0.00 | 0.0767% | 0.00% | 27.99% | 0.00 |
| | | | | | 0.00 |

Certain of the periodic rates and APRs above may be variable. Those rates may vary based upon the prime rate identified in the Wall Street Journal, as described in your Cardmember Agreement as currently in effect.

↕ Please fold on the perforation below, detach and return with your payment ↕

**Payment Coupon**

| | Account Number 3001 | Payment Due Date: 05/04/08 | Please enter account number on all checks and correspondence. |
|---|---|---|---|

New Balance $ 17,964.07

Minimum Amount Due $3,220.22

Make check payable to American Express.

See Finance Charges section on reverse side for a description of when additional Finance Charges are not assessed on Purchases.

MICHAEL CARLIN
AMEXCO - COLLECTIONS
POST OFFICE BOX 7753
FT. LAUDERDALE    FL 33329-7753

$ _____
Amount enclosed

Check here if your address or telephone number has changed. Please note changes on reverse side.

Mail Payment to:

AMERICAN EXPRESS
PO BOX 360002
FT LAUDERDALE FL 33336-0002

00902 U0USRA7FA 00028

3001

**MICHAEL D. CARLIN**

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032
October 29, 2008

RESURGENT CAPITAL SERVICES
POB 10587
GREENVILLE, SC 29603-0587

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #************6239

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed by your office on behalf of LVNV Funding LLC in the amount of $3,183.23, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whether LVNV Funding LLC. either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that LVNV Funding LLC. purchased this account from any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that LVNV Funding LLC is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If LVNV Funding LLC did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom LVNV Funding LLC was assigned the account.

Please be advised that the debtor disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcy Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

B 10 (Official Form 10) (12/07)

<table>
<tr><td colspan="2"><strong>UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK</strong></td><td>PROOF OF CLAIM</td></tr>
</table>

| Name of Debtor:<br>Carlin;Michael | Case Number:<br>0811689 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

LVNV Funding LLC its successors and assigns as assignee of Citibank

[ ]Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone Number: (864) 235-7336

Court Claim Number:
*(If known)*

Filed on:

Name and address where payment should be sent (if different from above):



Telephone number:

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**        $3,183.23

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

[X]Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** UNSECURED CHARGE OFF

**3.**Last four digits of any number by which creditor identifies debtor: 6239

    **3a. Debtor may have scheduled account as:**

**4. Secured Claim**
  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: [ ]Real Estate    [ ]Motor Vehicle    [ ]Other
Describe:

Value of Property: $    Annual Interest Rate  %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $    Basis for perfection

Amount of Secured Claim:    Amount Unsecured:

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim.

[ ]Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

[ ]Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

[ ]Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

[ ]Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).

[ ]Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

[ ]Other – Specify applicable paragraph of 11 U.S.C. §507(a)( ).

**Amount entitled to priority:**

$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 06/20/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Joyce Montjoy, Bankruptcy Recovery Manager of Resurgent Capital Services | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim – Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | Carlin;Michael |
| SSN (redacted): | 2914 |
| Address: | 40 Exchange Pl Ste 1706 |
| City: | New York |
| State, Zip: | NY 100052722 |

| Bankruptcy Case Information | |
|---|---|
| SOUTHERN DISTRICT of NEW YORK | |
| Trustee Name: | Jeffrey Sapir |
| Bankruptcy Case Number: | 0811689 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | 6239 |
| Amount due as of the date the bankruptcy case was filed**: | $3,183.23 |
| Charged off by original creditor on: | 5/19/2008 |
| Last transaction date: | 05/01/2008 |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding LLC its successors and assigns as assignee of Citibank |
| Purchased by Creditor from: | Citibank |
| Alternative names (if any) for this creditor: | |

**\*Resurgent Capital Services** services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:

**Resurgent Capital Services**

**PO Box 10587**
Greenville, SC 29603-0587
Telephone No. (864) 235-7336

**\*\*Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

The assignor has verified that the balance recorded above is the balance of the account as of the filing date of the bankruptcy and does not include post petition interest, late fees, return check fees, charges representing credit protection plan fees or insurance fees or other charges.



Citibank (South Dakota), N.A.
Office of the General Counsel

701 East 60th Street, North
P.O. Box 6034
Sioux Falls, SD 57117-6034

Tel: 605-331-1567
Fax: 605-330-6745

### Bill of Sale and Assignment of Accounts

Citibank (South Dakota), N.A. (successor to Citibank USA, N.A.) ("Seller"), for value received, to the extent permitted by applicable law, and subject to the terms of that certain Purchase and Sale Agreement entered into as of July 11, 2003, (the "Agreement"), by and between Sears, Roebuck and Co., Sears National Bank, SRFG, Inc., SMTB, Inc., SVFT, Inc., SLRR, Inc. and Sears Financial Holding Corporation (collectively, "Originator") and Sherman Originator LLC ("Buyer"), then subsequently assumed by Seller pursuant to that letter dated October 30, 2003, transfers, sells, assigns, conveys, grants and delivers to Buyer, who simultaneously transfers, sells, assigns, conveys, grants and delivers to NVLV Funding LLC ("Subsequent Buyer") all rights, title and interest in and to the Chapter 13 Accounts which are described on the Disk furnished by Seller to Buyer in connection herewith; (ii) all payments on and proceeds of such accounts (each, an "Account") after the close of business on June 13, 2008, and (iii) all claims arising out of or relating to each Account.

The Accounts include accounts which were previously owned by Sears, Roebuck and Co., Sears National Bank, SRFG, Inc., SMTB, Inc., SVFT, Inc. and SLRR, Inc.

Seller hereby stipulates that Subsequent Buyer may be substituted for Seller as the valid owner of the Accounts and hereby irrevocably waives any and all notice, and hearing requirements imposed by or right to object under Bankruptcy Rule 3001(e)(2) or otherwise.

Each of the obligations of Seller required to be performed by Seller on or prior to the date hereof pursuant to the terms of the Agreement has been duly performed; and all representations and warranties of Seller made under such Agreement are true and correct as of the date hereof.

Citibank (South Dakota), National Association

By: _____

_____
DAVID L. ZIMBECK
Vice President & General Counsel
Citibank (South Dakota) N.A.
Sioux Falls, SD 57117
605-331-1840

# MICHAEL D. CARLIN
*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

RESURGENT CAPITAL SERVICES
POB 10587
GREENVILLE, SC 29603-0587

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #*************0773

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Amerincan Express by your office in the amount of $3,446.47, a copy of which is attached for your consideration. Please be advised that the debtor disputes the liability and the amount claimed in this proof of claim.

Please be advised that the debtor disputes whether LVNV Funding LLC. either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that LVNV Funding LLC. purchased this account from any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that LVNV Funding LLC is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If LVNV Funding LLC did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom LVNV Funding LLC was assigned the account.

In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Carlin;Michael** | Case Number:<br>0811689 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>LVNV Funding LLC its successors and assigns as assignee of Citibank | [ ]Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>**Resurgent Capital Services**<br>**PO Box 10587**<br>**Greenville, SC 29603-0587**<br>Telephone Number: (864) 235-7336 | Court Claim Number:<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>[ ] Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:** $3,446.47 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount** |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

[X]Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** UNSECURED CHARGE OFF

**3.Last four digits of any number by which creditor identifies debtor:** 0773

**3a. Debtor may have scheduled account as:**

**4. Secured Claim**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** [ ]Real Estate [ ]Motor Vehicle [ ]Other
Describe:

**Value of Property:** $ **Annual Interest Rate** %

**Amount of arrearage and other charges as of time case filed included in secured claim,**
if any: $ **Basis for perfection**

**Amount of Secured Claim:** **Amount Unsecured:**

Specify the priority of the claim.

[ ]Domestic support obligations under 11 U.S.C. §507(a)(1)(A)or (a)(1)(B).

[ ]Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. §507 (a)(4).

[ ]Contributions to an employee benefit plan -- 11 U.S.C. §507 (a)(5).

[ ]Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. §507(a)(7).

[ ]Taxes or penalties owed to governmental units -- 11 U.S.C. §507 (a)(8).

[ ]Other -- Specify applicable paragraph of 11 U.S.C. §507(a)(_).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Amount entitled to priority:**

$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 06/30/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Joyce Montjoy, Bankruptcy Recovery Manager of Resurgent Capital Services | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim – Account Detail

| Borrower Information | |
| --- | --- |
| Borrower Name: | Carlin;Michael |
| SSN (redacted): | 2914 |
| Address: | 40 Exchange Place Suite 1706 |
| City: | Ny |
| State, Zip: | NY 100052722 |

| Bankruptcy Case Information | |
| --- | --- |
| SOUTHERN DISTRICT of NEW YORK | |
| Trustee Name: | Jeffrey Sapir |
| Bankruptcy Case Number: | 0811689 |
| Chapter: | 13 |

| Account Information | |
| --- | --- |
| Account Number (redacted): | 0773 |
| Amount due as of the date the bankruptcy case was filed**: | $3,446.47 |
| Charged off by original creditor on: | |
| Last transaction date: | 05/01/2008 |

| Creditor Information | |
| --- | --- |
| Current Creditor*: | LVNV Funding LLC its successors and assigns as assignee of Citibank |
| Purchased by Creditor from: | Citibank |
| Alternative names (if any) for this creditor: | |

*Resurgent Capital Services services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:

**Resurgent Capital Services**

**PO Box 10587**
Greenville, SC 29603-0587
Telephone No.     (864) 235-7336

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

The assignor has verified that the balance recorded above is the balance of the account as of the filing date of the bankruptcy and does not include post petition interest, late fees, return check fees, charges representing credit protection plan fees or insurance fees or other charges.



Citibank (South Dakota), N.J
Office of the General Counsel

701 East 60th Street, North
P.O. Box 6034
Sioux Falls, SD 57117-6034

Tel: 605-331-1567
Fax: 605-330-6745

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT is dated as of June 13, 2008, between Citibank (South Dakota), National Association, a national banking associated organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD 57117 (the "Bank") and Sherman Originator LLC, located c/o Sherman Capital Markets LLC, 200 Meeting Street, Charleston, SC 29401 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated August 13, 2001, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, who simultaneously transfers, sells, assigns, conveys, grants, bargains, sets over and delivers to LVNV Funding LLC ("Subsequent Buyer"), and to Subsequent Buyer's, successors and/or assigns, the Accounts described in Section 1.2 of the Agreement.

Seller hereby stipulates that Subsequent Buyer may be substituted for Seller as the valid owner of the Accounts and hereby irrevocably waives any and all notice, hearing requirements or right to object under Bankruptcy Rule 3001 (e) (2).

This Bill of Sale, Assignment and Assumption Agreement is executed without recourse and without representations or warranties including, without limitation, warranties as to collectibility.

Citibank (South Dakota), National Association

By: _____

Name: _____
DAVID L. ZIMBECK
Vice President & General Counsel
Citibank (South Dakota), N.A.
Title: _____
Sioux Falls, SD/1251
605-331-1630

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Ecast Settlement Corp.
POB 35480
Newark, NJ 07192-5480

**Re: Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #************2575

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $4,089.56, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from Capital One. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing thatEcast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s).If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

CARLINNY0064

| UNITED STATES BANKRUPTCY COURT  -  SOUTHERN DISTRICT OF NEW YORK<br>NEW YORK DIVISION | PROOF OF CLAIM<br>Chapter 13 |
|---|---|

| Name of Debtor MICHAEL D CARLIN | Case Number 08-11689-MG |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**eCAST Settlement Corporation, assignee of Capital One Bank**

Name and address where notices should be sent:

eCAST Settlement Corporation
P.O. Box 35480
Newark, NJ 07193-5480

Telephone number: (610) 644-7800

Name and address where payments should be sent (if different from above)

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statment giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:  $   4,089.56**

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges

**2. Basis for Claim:**   CREDIT CARD DEBT
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** *********2575
   3a. Debtor may have scheduled account as: Capital One Bank

   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property:$_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection:_____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority** under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing catagories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 07/07/08

    /s/Thomas A. Lee III
    Becket & Lee LLP, Attorneys/Agent for Creditor

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

BANKRUPT DEBTOR: CARLIN, MICHAEL D
A/K/A:

        ***-**-2914
        40 EXCHANGE PL STE 1706
        NEW YORK, NY 10005-2722

BANKRUPTCY NUMBER: 08-11689-MG
FILING DATE: 05/05/2008
CHAPTER: 13

eCAST Settlement Corporation, assignee of Capital One Bank
P.O. Box 35480
Newark, NJ 07193-5480

## ACCOUNT SUMMARY

| | |
|---|---|
| Account Debtor: | CARLIN, MICHAEL D |
| SSN1: | ***-**-2914 |
| | |
| Account Number: | ************2575 |
| Account Type: | CREDIT CARD |
| | |
| Open Date: | 12/22/2000 |
| Charge off Date: | 05/10/2008 |

Balance at Filing Date:    $ 4,089.56

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of Capital One Bank and their agents, if any, is provided.(See Instructions to Official Form 10). This debt arises from the use of a credit/charge card account or other money loaned, the supporting documents for which were provided by Capital One Bank to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New Y0rk 10004

E-MAIL: mcarlin721@aol.com
TEL: (212) 269-3100
FAX: (212) 269-7032
October 29, 2008

Ecast Settlement Corp.
Pob 35480
Newark, NJ 07192-5480

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************3220

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $3,729.83, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from Bank of America. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting docucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

| UNITED STATES BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK NEW YORK DIVISION | PROOF OF CLAIM Chapter 13 |
|---|---|
| Name of Debtor: MICHAEL D CARLIN | Case Number: 08-11689-MG |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property): **FIA Card Services aka Bank of America by eCAST Settlement Corporation, as its agent** Name and address where notices should be sent: eCAST Settlement Corporation P.O. Box 35480 Newark, NJ 07193-5480 Telephone number: (610) 644-7800 * see attachment | ☐ Check this box to indicate that this claim amends a previously filed claim. Court Claim Number:_____ Filed on:_____ |
| Name and address where payments should be sent (if different from above): Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statment giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed: $ **3,729.83** If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5. ☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing catagories, check the box and state the amount. Specify the priority of the claim |
| 2. Basis for Claim: CREDIT CARD DEBT (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: ************3220 3a. Debtor may have scheduled account as: FIA Card Services aka Bank of America (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other Describe: Value of Property:$_____ Annual Interest Rate _____% Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____ Basis for perfection:_____ Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5). ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). Amount entitled to priority: $_____ *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| Date: 08/06/08 /s/Thomas A. Lee III Becket & Lee LLP, Attorneys/Agent for Creditor | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim on Creditor's behalf, to be allocated pursuant to the terms of such agreement. ♠

BANKRUPTCY NUMBER: 08-11689-MG
FILING DATE:      05/05/2008
CHAPTER:          13

***-**-2914
40 EXCHANGE PL STE 1706
NEW YORK NY, 100052722

FIA Card Services aka Bank of America
by eCAST Settlement Corporation as its agent
P.O. Box 35480
Newark  NJ, 07193-5480

## ACCOUNT SUMMARY

| Account Debtor: | CARLIN, MICHAEL D |
| SSN1: | ***-**-2914 |

| Account Number: | ***********3220 |
| Account A/K/A Number: | ***********2682 |
| Account Type: | CREDIT CARD |

| Open Date: | 05/24/1997 |
| Charge off Date: | 07/30/2008 |

| StartBal | Payments | Purchases | Cash Adv | Fin Chg | Late Chg | Endbal | Enddt |
|----------|----------|-----------|----------|---------|----------|--------|-------|
| 3729.83 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3729.83 | 05/19/08 |
| 3834.58 | 136.00 | 0.00 | 0.00 | 31.25 | 0.00 | 3729.83 | 05/02/08 |
| 3940.43 | 136.11 | 0.00 | 0.00 | 30.26 | 0.00 | 3834.58 | 04/02/08 |
| 4043.44 | 136.11 | 0.00 | 0.00 | 33.10 | 0.00 | 3940.43 | 03/04/08 |
| 4010.68 | 0.00 | 0.00 | 0.00 | 32.76 | 0.00 | 4043.44 | 02/02/08 |
| 4113.23 | 136.11 | 0.00 | 0.00 | 33.56 | 0.00 | 4010.68 | 01/03/08 |
| 4349.09 | 272.32 | 0.00 | 0.00 | 36.46 | 0.00 | 4113.23 | 12/04/07 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of eCAST Settlement Corporation, and/or FIA Card Services aka Bank of America, if any, is provided.  (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by FIA Card Services aka Bank of America, to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

---

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Ecast Settlement Corp.
Pob 35480
Newark, NJ 07192-5480

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************5113

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $3,179.30, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from Chase Bank USA. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and addresse of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

| UNITED STATES BANKRUPTCY COURT  -  SOUTHERN DISTRICT OF NEW YORK<br>NEW YORK DIVISION | PROOF OF CLAIM<br>Chapter 13 |
|---|---|
| Name of Debtor  MICHAEL D CARLIN | Case Number  08-11689-MG |

| NOTE:  This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. |
|---|

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Chase Bank USA, N.A. by<br>eCAST Settlement Corporation, as its agent<br>Name and address where notices should be sent<br>  eCAST Settlement Corporation<br>  P.O. Box 35480<br>  Newark, NJ 07193-5480<br><br>Telephone number: (610) 644-7800          * see attachment | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br><br>Filed on: _____ |
|---|---|
| Name and address where payments should be sent (if different from above)<br><br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statment giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:  $     3,179.30<br><br>If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>[ ] Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing categories, check the box and state the amount.<br>Specify the priority of the claim |
|---|---|
| 2. Basis for Claim:   CREDIT CARD DEBT<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: ***********5113<br>  3a. Debtor may have scheduled account as: Chase Bank USA, N.A.<br><br>    (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br>Value of Property:$_____ Annual Interest Rate _____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection:_____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.<br>(See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 08/06/08<br><br>     /s/Thomas A. Lee III<br>     Becket & Lee LLP, Attorneys/Agent for Creditor | FOR COURT USE ONLY |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/08

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim on Creditor's behalf, to be allocated pursuant to the terms of such agreement. ♠

```
BANKRUPT DEBTOR: CARLIN, MICHAEL D          BANKRUPTCY NUMBER: 08-11689-MG
A/K/A:                                      FILING DATE:       05/05/2008
              ***-**-2914                   CHAPTER:           13
              40 EXCHANGE PL STE 1706
              NEW YORK NY, 10005

Chase Bank USA, N.A., by eCAST Settlement Corporation as its agent
PO BOX 35480
NEWARK, NJ, 07193-5480

                              ACCOUNT SUMMARY


Account Debtor:      CARLIN, MICHAEL D
SSN1:                ***-**-2914

Account Number:      ************5113
Account Type:        CREDIT CARD

Open Date:           01/01/1997




Balance at Filing = 3179.30


Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account
documents, a summary of the account, compiled from the information contained in the account databases of Chase
Bank USA, N.A. and their agents, if any, is provided. (See Instructions to Official Form 10). This debt
arises from the use of a credit / charge card account or other money loaned, the supporting documents for which
were provided by Chase Bank USA, N.A. to the debtor pre-petition. For further information about this claim call
1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.
```

# MICHAEL D. CARLIN
*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

---

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Ecast Settlement Corp.
Pob 35480
Newark, NJ 07192-5480

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #************7171

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $3,856.72, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from Chase Bank USA. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and address of the original creditor. If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

FORM B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK NEW YORK DIVISION | PROOF OF CLAIM Chapter 13 |
|---|---|

| Name of Debtor MICHAEL D CARLIN | Case Number 08-11689-MG |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Chase Bank USA, N.A. by
eCAST Settlement Corporation, as its agent

Name and address where notices should be sent
eCAST Settlement Corporation
P.O. Box 35480
Newark, NJ 07193-5480

Telephone number: (610) 644-7800                     * see attachment

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

Filed on: _____

Name and address where payments should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $   3,856.72

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim.
Attach itemized statement of interest or charges

2. Basis for Claim:   CREDIT CARD DEBT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ************7171
   3a. Debtor may have scheduled account as: Chase Bank USA, N.A.

   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property: $_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection:_____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 08/06/08 | FOR COURT USE ONLY |
|---|---|
| /s/Thomas A. Lee III Becket & Lee LLP, Attorneys/Agent for Creditor | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/08

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim on Creditor's behalf, to be allocated pursuant to the terms of such agreement. ♠

BANKRUPT DEBTOR: CARLIN, MICHAEL D
A/K/A:

              ***-**-2914
              40 EXCHANGE PL STE 1706
              NEW YORK NY, 10005

BANKRUPTCY NUMBER: 08-11689-MG
FILING DATE: 05/05/2008
CHAPTER: 13

Chase Bank USA, N.A., by eCAST Settlement Corporation as its agent
PO BOX 35480
NEWARK, NJ, 07193-5480

## ACCOUNT SUMMARY

| | |
|---|---|
| Account Debtor: | CARLIN, MICHAEL D |
| SSN1: | ***-**-2914 |
| | |
| Account Number: | ************7171 |
| Account A/K/A Number: | ************7205 |
| Account Type: | CREDIT CARD |
| | |
| Open Date: | 10/18/1995 |

Balance at Filing = 3856.72

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of Chase Bank USA, N.A. and their agents, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by Chase Bank USA, N.A. to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

# MICHAEL D. CARLIN
*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Ecast Settlement Corp.
Pob 35480
Newark, NJ 07192-5480

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #*************9147

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $998.85, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from FIA Card Services aka Bank of America. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing thatEcast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate names and addresses of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

| UNITED STATES BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK<br>NEW YORK DIVISION | PROOF OF CLAIM<br>Chapter 13 |
|---|---|
| Name of Debtor  MICHAEL D CARLIN | Case Number  08-11689-MG |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**FIA Card Services aka Bank of America**
**by eCAST Settlement Corporation, as its agent**

Name and address where notices should be sent
eCAST Settlement Corporation
P.O. Box 35480
Newark, NJ 07193-5480

Telephone number: (610) 644-7800                * see attachment

Name and address where payments should be sent(if different from above)

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statment giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $    998.85

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges

2. Basis for Claim:   CREDIT CARD DEBT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor:************9147
  3a. Debtor may have scheduled account as: FIA Card Services aka Bank of America

    (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property:$_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection:_____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing catagories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 08/06/08

    /s/Thomas A. Lee III
    Becket & Lee LLP, Attorneys/Agent for Creditor

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/38

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim on Creditor's behalf, to be allocated pursuant to the terms of such agreement. ♠

```
BANKRUPT DEBTOR: CARLIN, MICHAEL D        BANKRUPTCY NUMBER: 08-11689-MG
A/K/A:                                     FILING DATE:       05/05/2008
                                           CHAPTER:           13
           ***-**-2914
           40 EXCHANGE PL STE 1706
           NEW YORK NY, 100052722

FIA Card Services aka Bank of America
by eCAST Settlement Corporation as its agent
P.O. Box 35480
Newark  NJ, 07193-5480
```

ACCOUNT SUMMARY

```
Account Debtor:        CARLIN, MICHAEL D
SSN1:                  ***-**-2914

Account Number:        ************9147
Account A/K/A Number:  ************9847
Account Type:          CREDIT CARD

Open Date:             08/18/1993
Charge off Date:       07/30/2008
```

| StartBal | Payments | Purchases | Cash Adv | Fin Chg | Late Chg | Endbal | Enddt |
|---|---|---|---|---|---|---|---|
| 998.85 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 998.85 | 05/19/08 |
| 1069.16 | 79.00 | 0.00 | 0.00 | 8.69 | 0.00 | 998.85 | 05/02/08 |
| 1139.69 | 79.03 | 0.00 | 0.00 | 8.50 | 0.00 | 1069.16 | 04/02/08 |
| 1209.11 | 79.03 | 0.00 | 0.00 | 9.61 | 0.00 | 1139.69 | 03/04/08 |
| 1199.31 | 0.00 | 0.00 | 0.00 | 9.80 | 0.00 | 1209.11 | 02/02/08 |
| 1268.00 | 79.03 | 0.00 | 0.00 | 10.34 | 0.00 | 1199.31 | 01/03/08 |
| 1414.61 | 158.10 | 0.00 | 0.00 | 11.49 | 0.00 | 1268.00 | 12/04/07 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of eCAST Settlement Corporation, and/or FIA Card Services aka Bank of America, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by FIA Card Services aka Bank of America, to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Ecast Settlement Corp.
Pob 35480
Newark, NJ 07192-5480

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #************9306

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of Ecast Settlement Corp. by your office in the amount of $2,402.25, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whetherEcast Settlement Corp. either purchased or was assigned this or any other one of debtor's accounts. Please send to the debtor at the address listed above verification that Ecast Settlement Corp. purchased this account from Chase Bank USA. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Ecast Settlement Corp. is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and addresse of the original creditor(s). If Ecast Settlement Corp. did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Ecast Settlement Corp. was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

FORM B10 (Official Form 10) (12/07)

CARLINNY0063

| UNITED STATES BANKRUPTCY COURT   -   SOUTHERN DISTRICT OF NEW YORK<br>NEW YORK DIVISION | PROOF OF CLAIM<br>Chapter 13 |
|---|---|

| Name of Debtor  MICHAEL D CARLIN<br>AKA:         MICHAEL CARLIN | Case Number  08-11689-MG |

NOTE:  This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
**Chase Bank USA, N.A. by**
**eCAST Settlement Corporation, as its agent**

Name and address where notices should be sent
  eCAST Settlement Corporation
  P.O. Box 35480
  Newark, NJ 07193-5480

Telephone number: (610) 644-7800                    * see attachment

Name and address where payments should be sent(if different from above)



Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $    2,402.25

If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim.
    Attach itemized statement of interest or charges

2. Basis for Claim:    CREDIT CARD DEBT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ************9106
   3a. Debtor may have scheduled account as: Chase Bank USA, N.A.

       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property:$_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection:_____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing catagories, check the box and state the amount.
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 08/06/08

        /s/Thomas A. Lee III
        Becket & Lee LLP, Attorneys/Agent for Creditor

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Pet: 05/05/08

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim on Creditor's behalf, to be allocated pursuant to the terms of such agreement. ♠

```
BANKRUPT DEBTOR: CARLIN, MICHAEL D          BANKRUPTCY NUMBER: 08-11689-MG
A/K/A:           CARLIN, MICHAEL            FILING DATE:       05/05/2008
                 ***-**-2914               CHAPTER:           13
                 40 EXCHANGE PL STE 1706
                 NEW YORKK NY, 10005
```

Chase Bank USA, N.A., by eCAST Settlement Corporation as its agent
PO BOX 35480
NEWARK, NJ, 07193-5480

ACCOUNT SUMMARY

```
Account Debtor:      CARLIN, MICHAEL D
Account A/K/A:       CARLIN, MICHAEL
SSN1:                ***-**-2914

Account Number:      ************9306
Account Type:        CREDIT CARD

Open Date:           10/16/1995
```

Balance at Filing = 2402.25

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of Chase Bank USA, N.A. and their agents, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by Chase Bank USA, N.A. to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

FIA Card Services aka Bank of America
c/o Becket and Lee LLP
POB 3001
Malvern Pa 19355-0701

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************0716

To Whom It May Concern:

 Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of FIA Card Services aka Bank of America by your office in the amount of $14,805.02, a copy of which is attached for your consideration.

 Please be advised that the debtor disputes whether FIA Card Services aka Bank of America either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that FIA Card Services aka Bank of America purchased this account from MBNA or any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that FIA Card Services aka Bank of America is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and address of the original creditor(s). If FIA Card Services aka Bank of America did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom FIA Card Services aka Bank of America was assigned the account.

 Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcy Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

 If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

| UNITED STATES BANKRUPTCY COURT  -  SOUTHERN DISTRICT OF NEW YORK NEW YORK DIVISION | PROOF OF CLAIM Chapter 13 |
|---|---|

| Name of Debtor  MICHAEL D CARLIN<br>AKA:            MICHAEL CARLIN | Case Number  08-11689-MG |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**FIA Card Services aka Bank of America**<br><br>Name and address where notices should be sent<br>  FIA Card Services aka Bank of America<br>  c/o Becket & Lee LLP<br>  Attorneys/Agent for Creditor<br>  PO Box 3001<br>  Malvern, PA  19355-0701<br>Telephone number: (610) 644-7800 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br><br><br>Filed on: _____ |
| Name and address where payments should be sent (if different from above)<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:   $ 14,805.02<br><br>If all or part of this claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principle amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C.§507(a). If any portion of your claim falls in one of the follwing catagories, check the box and state the amount.<br>Specify the priority of the claim . |
| 2. Basis for Claim:   Other<br>  (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: ***********0716<br>   3a. Debtor may have scheduled account as: FIA Card Services aka Bank of America<br><br>     (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br>Value of Property:$_____ Annual Interest Rate _____ %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection:_____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.<br>(See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 08/12/08<br><br>     /s/Thomas A. Lee III<br>     Becket & Lee LLP, Attorneys/Agent for Creditor | FOR COURT USE ONLY |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

BANKRUPT DEBTOR: CARLIN, MICHAEL D
A/K/A:        CARLIN, MICHAEL
              ***-**-2914
              40 EXCHANGE PL STE 1706
              NEW YORK NY, 100052722

BANKRUPTCY NUMBER: 08-11689-MG
FILING DATE:       05/05/2008
CHAPTER:           13

FIA Card Services aka Bank of America
c/o Becket & Lee LLP
Attorneys/Agent for Creditor
PO Box 3001
Malvern, PA  19355-0701

## ACCOUNT SUMMARY

Account Debtor:       CARLIN, MICHAEL D
Account A/K/A:        CARLIN, MICHAEL
SSN1:                 ***-**-2914

Account Number:       ************0716
Account A/K/A Number: ************9253
Account Type:         Credit Card

Open Date:            08/21/1996
Charge off Date:      07/30/2008

| StartBal | Payments | Purchases | Cash Adv | Fin Chg | Late Chg | Endbal | Enddt |
|----------|----------|-----------|----------|---------|----------|--------|-------|
| 14805.02 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14805.02 | 05/19/08 |
| 15264.99 | 485.00 | 0.00 | 0.00 | 25.03 | 0.00 | 14805.02 | 05/03/08 |
| 15726.02 | 485.40 | 0.00 | 0.00 | 24.37 | 0.00 | 15264.99 | 04/03/08 |
| 16185.57 | 485.40 | 0.00 | 0.00 | 25.85 | 0.00 | 15726.02 | 03/05/08 |
| 16158.11 | 0.00 | 0.00 | 0.00 | 27.46 | 0.00 | 16185.57 | 02/04/08 |
| 16616.23 | 485.40 | 0.00 | 0.00 | 27.28 | 0.00 | 16158.11 | 01/04/08 |
| 17071.89 | 485.40 | 0.00 | 0.00 | 29.74 | 0.00 | 16616.23 | 12/05/07 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account,compiled from the information contained in the account databases of FIA Card Services aka Bank of America,if any, is provided.(See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by FIA Card Services aka Bank of America,to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor.  Some documents may no longer be available.

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*

21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

RBS Citizens NA
POB 7054
BRIDGEPORT, CT 06601

> Re: **Michael D. Carlin**
> Chapter 13 Case No. 08-11689
> Southern District of New York
> Acct. #************1809

To Whom It May Concern:

     Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed on behalf of RBS Citizens NA. by your office in the amount of $730.89, a copy of which is attached for your consideration.

     Please be advised that the debtor disputes whether RBS Citizens NA either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that RBS Citizens NA purchased this account from any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that RBS Citizens NA is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and address of the original creditor(s). If RBS Citizens did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom RBS Citizens NA. was assigned the account.

     Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

     If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT     NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>MICHAEL CARLIN | Case Number:<br>08-11689-MG |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**RBS CITIZENS N A**

Name and address where notices should be sent:

RBS Citizens N A
PO Box 7054  Bridgeport CT  06601

Telephone number:
(203) 551-3736

□ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

□ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

□ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $_____ 730.89

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __Credit Card Charges__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** __1809__

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** □ Real Estate    □ Motor Vehicle    □ Other
Describe:

**Value of Property:**$_____ **Annual Interest Rate**____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ 730.89

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

□ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date:<br>09/04/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

/s/Jackie Smalls

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## ____DEFINITIONS____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## ____INFORMATION____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.


**PO BOX 18204**
**BRIDGEPORT, CT 06601-3204**
**1-800-747-8155**

RBS CARD SERVICES
PO BOX 42010
PROVIDENCE, RI 02940-2010

| | |
|---|---|
| Account Number | 5545 1410 0137 1809 |
| New Balance | $730.89 |
| Payment Due Date | NOW DUE |
| Minimum Amount Due | $239.49 |
| Past Due Amount | $159.49 |

Total Enclosed

**MICHAEL CARLIN**
**40 EXCHANGE PL STE 1706**
**NEW YORK, NY 10005-2722**

** 0005747
030

$

☐ Check for change of address. Complete new address on reverse.

0541001371809 000023949 000073089

-------------------------------------------------------------------------------

Detach here. Only this top portion and your payment should be included in the envelope. Make your check payable to Rbs Card Services.

Account Number: 5545 1410 0137 1809

Billing Period: 04/23/08 - 05/22/08

**RBS MASTERCARD PLATINUM**

| Total Credit Limit | Available Credit | Cash Advance Limit | Available for Cash Advances | Closing Date | Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| $0 | $0 | $0 | $0 | 05/22/08 | $239.49 | NOW DUE |

You can avoid finance charges on Purchases if you pay the entire New Balance by the Payment Due Date for every billing cycle. This grace period does not apply to Balance Transfers, Cash Advances or Previous Balance. See the back of your statement for details about your 'GRACE PERIOD'.

### BALANCE SUMMARY

| | | |
|---|---|---|
| Previous Balance | $ | 806.27 |
| Payments and Credits | - | 80.00 |
| Cash Advances | + | 0.00 |
| Purchases and Other Charges | + | 0.00 |
| Total FINANCE CHARGES | + | 4.62 |
| New Balance | $ | 730.89 |

To discuss your payment options, please call 1-800-747-8155.

### ACCOUNT ACTIVITY

| Trans Date | Post Date | Reference Number | Transaction Description | Amount |
|---|---|---|---|---|
| **PAYMENTS AND CREDITS** | | | | |
| 05/01 | 05/01 | 75545148122000000000475 | PAYMENT - THANK YOU BRIDGEPORT CT | 80.00 (-) |
| **PURCHASES AND OTHER CHARGES** | | | | |
| 05/22 | 05/22 | | CASH FINANCE CHARGE | 4.62 |

### FINANCE CHARGE SUMMARY

| | Average Daily Balance | Daily Periodic Rate* | Corresponding ANNUAL PERCENTAGE RATE* | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| **Days In Billing Cycle: 30** | | | | |
| Purchases | $0.00 | .02052% | 7.49% | $0.00 |
| Cash Advances | $749.87 | .02052% | 7.49% | $4.62 |
| Balance Transfers | $0.00 | .02052% | 7.49% | $0.00 |

See reverse for important information.
**ANNUAL PERCENTAGE RATE** 7.49 %
Transaction fees are included in the Annual Percentage Rate and may cause it to appear inflated.

# MICHAEL D. CARLIN
*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032
October 29, 2008

Dell Financial Services, L.L.C.
RESURGENT CAPITAL SERVICES
POB 10390
GREENVILLE, SC 29603-0390

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #************9348

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was filed by your office on behalf of Dell Financial Services, L.L.C. in the amount of $1,106.26, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whether this is properly listed as a secured claim since it does not appear that this claim was ever perfected by a legal filing. Additionally, since this equipment in question is essential to the operation of my business/profession, it is deemed exempt property.

Please be advised that the debtor disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>**Carlin Michael** | Case Number:<br><br>**0811689** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**Dell Financial Services L.L.C.**<br>Name and address where notices should be sent:<br><br>**Dell Financial Services, LLC**<br>**c/o Resurgent Capital Services**<br>**P. O. Box 10390**<br>**Greenville, SC 29603-0390**<br>Telephone number: **(866) 464-0087** | [ ]Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | [ ]Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[ ] Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of date Case Filed:** $1,106.26<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>[ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** <u>DELL BUSINESS CREDIT</u><br>(See instruction #2 on reverse side.) | [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies the debtor: 9348<br><br>   **3a. Debtor may have scheduled account as:**<br>   (see instruction #3a on reverse side.) | [ ] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information<br><br>**Nature of property or right of setoff:** [ ] Real Estate [ ]Motor Vehicle [X]Other<br>**Describe:** SEE ATTACHMENT "A"<br><br>**Value of property:** $593.36    Annual Interest Rate: %<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $          **Basis for perfection:**<br><br>**Amount of Secured Claim:** $593.36  **Amount Unsecured:** $512.90 | [ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>[ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use– 11 U.S.C. §507 (a)(7).<br><br>[ ] Taxes or penalties owed to governmental units—11 U.S.C. §507 (a)(8).<br><br>[ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br><br>$ _____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 09/15/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach power of attorney, if any.<br><br>Joyce Montoy, Bankruptcy Recovery Manager of Resurgent Capital Services. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



| | |
|---|---|
| **Account Number:** | 9348 |
| **Origination Date:** | 11/12/07 |
| **Original Asset Value:** | $1,186.72 |
| **Depreciation %:** | 50.00% |
| **Secured Amount (Residual Value = $200):** | $593.36 |
| **Unsecured Amount:** | $512.90 |
| **Total Claim Amount:** | $1,106.26 |

1. Dell Financial Services, L.L.C. (hereinafter referred to as "DFS"), supplied and sold to the above named Debtor certain goods including, but not limited to, computers, monitors, televisions, servers and other products. Generally, the orders for such products were received via e-mail from the Debtor and were agreed to through a series of acceptances set forth on the contractual forms. The terms and conditions as agreed to by the Debtor for the purchase are attached hereto. DFS owns a purchase money security interest in the product sold to the Debtor.

NOTE: CLAIMANT RESERVES THE RIGHT TO AMEND THIS PROOF OF CLAIM AS FURTHER INFORMATION BECOMES AVAILABLE. PARTIES REQUESTING DOCUMENTS DESCRIBED IN THIS PROOF OF CLAIM AND ATTACHED SCHEDULE MAY CONTACT THE CLAIMANT AT THE ABOVE ADDRESS AND TELEPHONE NUMBER TO OBTAIN COPIES OF SAME AT SUCH PARTY'S EXPENSE.

Carlin Michael



**DELL** | **Financial Services**

Page 1 of 1
www.dell.com/dfs
See reverse side for important account information and contact information.
Toll-Free # 866-413-3355

## Dell Business Credit Summary

Revolving Account: **●●●●●●●●●●●9 348**

| | | | | | |
|---|---|---|---|---|---|
| Previous Balance | $1,132.00 | Statement Closing Date | May 01, 2008 | Payment Due Date: | May 26, 2008 |
| Purchase & Other Debts | $15.00 | Payments | $57.00 | Current Month Due: | $28.00 |
| Periodic Finance Charges | $16.26 | Other Credits & Adjustments | $.00 | Past Due Amount: | $0.00 |
| Other Charges | $0.00 | New Balance | $1,106.26 | Total Minimum Payment Due: | $28.00 |

### DFS Available Credit

| | |
|---|---|
| Total DFS Credit Line | $15,000.00 |
| Total Available Credit Line | $13,893.74 |
| Amount Over Credit Limit: | - |

Your business has $13,893.74 in available credit with Dell Financial Services. Depending on your financing objectives, this credit line is available to your company for use with any of our revolving credit, lease or loan products. Call your sales representative or visit online to determine which option is best for your company.

### Transaction Detail

| Transaction Date | Description | Reference # | Amount |
|---|---|---|---|
| 04-11-08 | PAYMENT - THANK YOU! | | - 57.00 |
| 04-12-08 | PHONE PAY FEE | | 15.00 |
| 05-01-08 | BILLED FINANCE CHARGES | | 16.26 |
| 05-01-08 | FINANCE CHARGE RATE CHANGED TODAY | | .00 |

### Finance Charge Summary (Please see reverse side for important information)

| Plan Type | Promotion Expiration Date | Balance Subject to Finance Charge | Daily Periodic Rate | Corresponding Interest Rate | Days in Cycle | FINANCE CHARGES | Promotion Plan Deferred Finance Charges | New Plan Balance | Minimum Amount Due Per Plan |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR PLAN | | $1,102.60 | 0.04915% | 17.99% | 30 | $16.26 | | $1,106.26 | $28.00 |

### Special Messages
Is your DBC payment due today?
Take advantage of our NEW automated phone payment option for just $9.95!
Simply call 866-413-3355 and follow the automated prompts.

---

**DELL** Business Credit

Please return this portion with payment. Do not staple or fold. 

| | |
|---|---|
| Account #: | **●●●●●●●●●●●9 348** |
| Total Minimum Payment Due: | $28.00 |
| Payment Due Date: | May 26, 2008 |

Amount  **$**
Enclosed:

Please make your check payable to: Dell Business Credit
Include your account number on your check or money order.

Have Address or Phone Number?
Please visit us at www.dell.com/dfs or
check back side for important messages

06/04/08  14:49  0097013 2506050 DE121161 DBC Stmt 1 OZ DOM DE121100097 165879  BD

CARLIN     MICHAEL
40 EXCHANGE PL STE 1928
NEW YORK NY  10005-2712

DELL BUSINESS CREDIT
PAYMENT PROCESSING CENTER
P.O. BOX 5275
CAROL STREAM, IL  60197-5275

9 348 00001106260000280000002800052620080000005700

## IMPORTANT MESSAGE FOR NEW CUSTOMERS

### DELL PREFERRED ACCOUNT CREDIT AGREEMENT

Offered by DFS Bank and serviced by Dell Financial Services

## CONSUMER PRIVACY POLICY OF AT-LEAST BANK FOR DELL PREFERRED ACCOUNT

### YOUR BILLING RIGHTS — KEEP THIS NOTICE FOR FUTURE USE

### YOUR RIGHTS AND OUR RESPONSIBILITIES AFTER WE RECEIVE YOUR WRITTEN NOTICE

### STATE SPECIFIC DISCLOSURES

Privacy Policy Effective Date: November 1, 2008

DPATC11105

## NOTICE

## ARBITRATION NOTICE

# MICHAEL D. CARLIN

*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

---

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032
October 29, 2008

Roundup Funding, LLC
MS 550
POB 91121
SEATTLE, WA 98111-9221

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #\*\*\*\*\*\*\*\*\*\*\*\*6761

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was by your office in the amount of $946.00, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whether Roundup Funding, LLC either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that Roundup Funding, LLC purchased this account from any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Roundup Funding, LLC is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and address of the original creditor(s). If Roundup Funding, LLC did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Roundup Funding, LLC was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath),* 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK AT NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: MICHAEL D CARLIN | Case Number: 08-11689 Ch 13 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Roundup Funding, LLC**

Name and address where notices should be sent:

**Roundup Funding, LLC**
**MS 550**
**PO Box 91121**
**Seattle, WA 98111-9221**

Telephone number:  (866) 670-2361

[] Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
   *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

[] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[] Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**        $946.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

[] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Credit Card
   (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** XXXXXXXXXX6761

   **3a. Debtor may have scheduled account as:** Chase Bank USA, N.A.
      (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   [] Real Estate   [] Motor Vehicle   [] Other
Describe:

**Value of Property: $**_____  **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____   **Basis for perfection:** _____

**Amount of Secured Claim: $**_____   **Amount Unsecured: $**_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: **SEE ATTACHMENT(S)**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

[] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

[] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

[] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

[] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

[] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

[] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 8/19/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> /s/ <br> STEVEN G. KANE <br> Authorized Agent for  Roundup Funding, LLC <br> E-MAIL: BLINE.CHAPTER13@BLINELLC.COM | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | CARLIN, MICHAEL D |
| Debtor(s) SSN: | XXX-XX-2914 |
| Account Number: | XXXXXXXXXXXX6761 |
| Creditor Name: | Roundup Funding, LLC |
| Assignor: | Chase Bank USA, N.A. |
| Open Date: | 10/22/1995 |
| Last Payment Date: | 04/07/2008 |
| Charge Off Date: | 07/08/2008 |
| Balance as of Filing: | $946.00 |
| Basis for Claim: | Credit Card |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-11689 |
| Bankruptcy Filing Date: | 05/05/2008 |
| Current Chapter: | 13 |
| Court District: | SOUTHERN DISTRICT OF NEW YORK |
| Court City: | NEW YORK |
| Trustee: | JEFFREY L SAPIR-13 |
| Counsel for Debtor(s): | PRO SE |

This claim is based on an unsecured account acquired from Assignor. Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10. *See, e.g., In re Moreno,*34 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Cluff,* 2006 WL 2820005 (Bankr. Utah 2006); *In re Heath,* 331 B.R. 424 (9th Cir. B.A.P. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. B.A.P. 2004); *In re Guidry,* 321 B.R. 712 (Bankr. N.D. Ill. 2005); *In re Burkett,* 329 B.R. 820 (Bankr. N.D. Ohio 2005); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Irons,* 343 B.R. 32 (Bankr. N.D. NY 2006).

## MICHAEL D. CARLIN
*Attorney and Counsellor at Law*
21st. Floor
26 Broadway
New York, New York 10004

E-MAIL: mcarlin721@aol.com
TEL.: (212) 269-3100
FAX: (212) 269-7032

October 29, 2008

Roundup Funding, LLC
MS 550
POB 91121
SEATTLE, WA 98111-9221

Re: **Michael D. Carlin**
Chapter 13 Case No. 08-11689
Southern District of New York
Acct. #\*\*\*\*\*\*\*\*\*\*\*\*5749

To Whom It May Concern:

Please be advised that the undersigned has filed a Chapter 13 petition in the above-referenced matter. A proof of claim was by your office in the amount of $2830.34, a copy of which is attached for your consideration.

Please be advised that the debtor disputes whether Roundup Funding, LLC either purchased or was assigned this or any other one of debtor's accounts. Pursuant to relevant Bankruptcy Court authority (*In re Armstrong*, 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471), please send to the debtor at the address listed above verification that Roundup Funding, LLC purchased this account from any other entity. In accordance with the Uniform Commercial Code, please provide copies of the Assignment(s) and other documents showing that Roundup Funding, LLC is the Assignee of the debt and that you are legally authorized to collect this debt from the debtor. Please also provide the full corporate name and address of the original creditor(s). If Roundup Funding, LLC did not receive this account from the original creditor, provide documentation of assignment(s) from the original creditor to the creditor from whom Roundup Funding, LLC was assigned the account.

Please be advised that the debtor also disputes the liability and the amount claimed in this proof of claim. In reliance upon relevant Bankruptcty Court authorities, the debor is entitled to demand and now hereby demands the following supporting doucmentation: (1) the underlying agreement and the actual credit card charges constituting the basis for the claim; *See Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 432 (B.A.P. 9th Cir. 2005); (2) account [summary] . . . containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined; *In re Armstrong,* 320 B.R. at 106; *in Re: Dale J. Porter* 374 B.R. 471 at 481.

If you are unable to provide proof as to any of the items demanded above, I expect that the proof of claim will be withdrawn immediately. Otherwise, I shall consider the proof of claim to be fraudulent and will move the court two weeks after today's date to disallow and expunge the proof of claim.

Very truly yours,

MICHAEL D. CARLIN

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK AT NEW YORK | PROOF OF CLAIM |

Name of Debtor: MICHAEL D CARLIN

Case Number: 08-11689
Ch 13

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Roundup Funding, LLC

Name and address where notices should be sent:

Roundup Funding, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Telephone number: (866) 670-2361

[ ] Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $2,830.34

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

[ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Credit Card
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** XXXXXXXXXX5749

**3a.** Debtor may have scheduled account as: Chase Bank USA, N.A.
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   [ ] Real Estate   [ ] Motor Vehicle   [ ] Other
Describe:

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

[ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

[ ] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

[ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

[ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

[ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

[ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: SEE ATTACHMENT(S)

FOR COURT USE ONLY

Date: 8/19/2008

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/
STEVEN G. KANE
Authorized Agent for Roundup Funding, LLC
E-MAIL: BLINE.CHAPTER13@BLINELLC.COM

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## ACCOUNT INFORMATION

| | |
|---|---|
| Debtor(s) Name: | CARLIN, MICHAEL |
| Debtor(s) SSN: | XXX-XX-2914 |
| Account Number: | XXXXXXXXXXXX5749 |
| Creditor Name: | Roundup Funding, LLC |
| Assignor: | Chase Bank USA, N.A. |
| Open Date: | 06/27/1997 |
| Last Payment Date: | 04/07/2008 |
| Charge Off Date: | 07/08/2008 |
| Balance as of Filing: | $2,830.34 |
| Basis for Claim: | Credit Card |

## CASE INFORMATION

| | |
|---|---|
| Case Number: | 08-11689 |
| Bankruptcy Filing Date: | 05/05/2008 |
| Current Chapter: | 13 |
| Court District: | SOUTHERN DISTRICT OF NEW YORK |
| Court City: | NEW YORK |
| Trustee: | JEFFREY L SAPIR-13 |
| Counsel for Debtor(s): | PRO SE |

This claim is based on an unsecured account acquired from Assignor. Pursuant to Instruction 7, above is a redacted version of the information contained in the computer files documenting the account.

This information substantially conforms to 11 U.S.C. § 501, Federal Bankruptcy Rule 3001 and the Instructions to Form B10. *See, e.g., In re Moreno,* 34 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Cluff,* 2006 WL 2820005 (Bankr. Utah 2006); *In re Heath,* 331 B.R. 424 (9th Cir. B.A.P. 2005); *In re Dove-Nation,* 318 B.R. 147 (8th Cir. B.A.P. 2004); *In re Guidry,* 321 B.R. 712 (Bankr. N.D. Ill. 2005); *In re Burkett,* 329 B.R. 820 (Bankr. N.D. Ohio 2005); *In re Lapsansky,* 2006 WL 3859243 (Bankr. E.D. Pa. 2006); *In re Irons,* 343 B.R. 32 (Bankr. N.D. NY 2006).



BECKET & LEE LLP
ATTORNEYS AT LAW

THOMAS A. LEE, III*☐
SANDRA K. CURTIN*
WILLIAM J. BECKET

KENNETH W. KLEPPINGER*
NATALIE M. MC GHEE *
WILLIAM A. MC NEAL*
CRYSTAL D. JONES*

ALANE A. BECKET*
JOHN D. SHEEHAN*
GILBERT S. WEISSMAN*•☐

MARGARET E. SCHIAVONE*
MICHELLE L. MC GOWAN*
CYNTHIA L. GROFF
DAWN S. OSMAN*

16 GENERAL WARREN BOULEVARD
P.O.BOX 3001
MALVERN, PA  19355

(610) 644-7800
FACSIMILE: (610) 993-8493

MILTON BECKET, OF COUNSEL

SENDER'S EXT._____

* ALSO MEMBER NJ BAR
☐ ALSO MEMBER FL BAR
• ALSO MEMBER CA BAR

November 11, 2008

**VIA EMAIL**
Michael D. Carlin, Esquire
26 Broadway
21st Floor
New York, NY 10004

> RE:   **Michael D. Carlin, Pro Se Debtor.**
> **Bankruptcy Number: 08-11689**
> **Claim Numbers 4, 9, 10, 11, 12, 13, 14, 15 and 16**

Dear Mr. Carlin:

As you are aware, Becket & Lee LLP represents American Express Travel Related Services Co., Inc. and American Express Centurion Bank (collectively "American Express"), FIA Card Services aka Bank of America ("FIA"), and eCAST Settlement Corporation ("eCAST") in the above-referenced bankruptcy. We are in receipt of your letters dated October 29, 2008 disputing the liability of several accounts and requesting copies of the agreements and actual credit card charges constituting the basis of the claims. Your letters regarding American Express Claim Numbers 4 and 9 further dispute the amounts of the claims because the creditors did not abide by their agreements not to charge interest and penalties so long as the debtor participated in a debt management program, which the debtor did. Your letter regarding FIA Claim Number 16 further requests verification that FIA purchased this account from MBNA or any other entity and copies of the Assignment showing that FIA is the assignee of the debt.

**Claim Number 4** represents the debtor's personal American Express credit card account number 372764062225009. At the time the American Express card was issued and with each renewal card thereafter, the debtor was issued a copy of the agreement entitled "Agreement Between Gold Card Member and American Express Travel Related Services Company, Inc." a copy of which is enclosed. The Agreement sets forth the liability of the debtor, *to wit*:

> **Welcome to American Express Cardmembership**
> …When you keep, sign or use the Card issued to you (including any renewal or replacement Cards), or you use the account associated with this Agreement (your "Card Account"), you agree to the terms of this Agreement. The words "you", "your" and "yours" mean the person who applied for the Card Account and the

> person to whom we address billing statements, as well as any
> person who agrees to be liable on the Card Account. The "Basic
> Cardmember" is the person who opened the Card Account.
>
> ---
>
> **Promise to Pay**
> You promise to pay all Charges, including Charges incurred by
> Additional Cardmembers, on your Account.
>
> ---

As noted above, the debtor is liable for the account represented by Claim Number 4.

Also enclosed are copies of account statements, dated January, 2007 through May, 2008. The statements reflect the debtor's name, account number and account activity, including monthly payments. According to the information received from American Express, American Express agreed to accept payment in the total amount of $2,584.85 payable at the rate of $53.00 a month. Pursuant to the statements, it appears the debtor was making monthly payments up until the bankruptcy filing in May, 2008. If the debtor paid the amount as agreed, interest accrued during that time would have been forgiven. However, the debtor did not complete his payments and therefore the interest accrued remains. The pre-petition balance due and owing on the account is $1,474.31. Claim Number 4 is currently being amended to reflect this balance.

**Claim Number 9** represents the debtor's personal American Express credit card account number 373020976423001. At the time the American Express card was issued and with each renewal card thereafter, the debtor was issued a copy of the agreement entitled "Agreement Between Optima Platinum Card Member and American Express Centurion Bank" a copy of which is enclosed. The Agreement sets forth the liability of the debtor, *to wit*:

> **Welcome to American Express Cardmembership**
> …When you keep, sign or use the Card issued to you (including
> any renewal or replacement Cards), or you use the account
> associated with this Agreement (your "Account"), you agree to the
> terms of this Agreement. The words "you", "your" and "yours"
> mean the person who applied for the Account and the person to
> whom we address billing statements, as well as any person who
> agrees to be liable on the Account. The "Basic
> Cardmember" is the person who opened the Card Account.
>
> ---
>
> **Promise to Pay**
> You promise to pay all Charges, including Charges incurred by
> Additional Cardmembers, on your Account.
>
> ---

As noted above, the debtor is liable for the account represented by Claim Number 9.

Also enclosed are copies of account statements, dated January, 2007 through April, 2008. The statements reflect the debtor's name, account number and account activity, including

monthly payments. According to the information received from American Express, American Express agreed to accept payment in the total amount of $16,662.61 payable at the rate of $347.00 a month. Pursuant to the statements, it appears the debtor was making monthly payments up until the bankruptcy filing in May, 2008. If the debtor paid the amount as agreed, the interest accrued during that time would have been forgiven. However, the debtor did not complete his payments and therefore the interest accrued remains. The pre-petition balance due in owing on the account is $17,964.07.

**Claim Number 16** represents the debtor's FIA credit card account number 5490990144000716. FIA Card Services is a division of Bank of America. FIA Card Services was formerly known as MBNA. Therefore, there is no assignment of this claim. In further support of Claim Number 16, enclosed are copies of the debtor's Bank of America account statements, dated January, 2008 through May, 2008, which reflect the debtor's name, account number and monthly account activity, including payments. The May statement reflects a pre-petition balance due in the amount of $14,805.02 which supports Claim Number 16.

Please be advised that we are in the process of obtaining documentation in support of Claim Numbers 10, 11, 12, 13, 14, and 15 and will forward it to you immediately upon its availability.

I trust the enclosed documentation is sufficient. If you have any questions or concerns, please feel free to contact me.

Very truly yours,
BECKET & LEE LLP

BY:

Lauren Spadaro, Paralegal
*lspadaro@becket-lee.com*

/lms
Enclosures

Subj:     **FW: Michael Carlin #08-11689**
Date:     12/10/2008 3:28:41 P.M. Eastern Standard Time
From:     lspadaro@becket-lee.com
To:       mcarlin721@aol.com

**Lauren Spadaro**
Becket & Lee LLP
16 General Warren Blvd.
Malvern, PA 19355
(610) 644-7800 ext. 2618
Fax: (610) 993-8493
lspadaro@becket-lee.com

**From:** Lauren Spadaro
**Sent:** Thursday, November 20, 2008 8:42 AM
**To:** 'mcarlin721@aol.com'
**Subject:** Michael Carlin #08-11689
**Importance:** High

RE:     **Michael D. Carlin, Pro Se Debtor.**
        **Bankruptcy Number: 08-11689**
        **Claim Numbers 4, 9, 10, 11, 12, 13, 14, 15 and 16**

Dear Mr. Carlin:

        As you are aware, Becket & Lee LLP represents American Express Travel Related Services Co., Inc. and American Express Centurion Bank (collectively "American Express"), FIA Card Services aka Bank of America ("FIA"), and eCAST Settlement Corporation ("eCAST") in the above-referenced bankruptcy. We are in receipt of your letters dated October 29, 2008 disputing the liability of several accounts and requesting copies of the agreements and actual credit card charges constituting th basis of the claims. On November 11, 2008, we provided you with documentation in support of Claim Numbers 4, 9, and 16. Enclosed is documentation in support of the remaining ( Numbers 10, 11, 12, 13, 14, and 15.

        **Claim Number 10** represents the debtor's Capital One Bank credit card account number 4388647091112575. Capital One Bank sold the debtor's account to eCAST. In further support of Claim Number 10, enclosed is a true and correct copy of the Bill of Sale of the account represented by Claim Number 10 from Capital One Bank to eCAST and copies of the debtor's account statements, dated December, 2007 through April, 2008, which reflect the debtor's name, account number and monthly account activity, including payments and charges. The April statement reflects a pre-petition balance due in the amount of $4,089.56 which supports Claim Number 10.

        **Claim Number 11** represents the debtor's FIA Card Services aka Bank of America ("Bank of America") credit card account number 4888936235583220, also known as 4888607000461344. At the time Claim Number 11 was filed, the account was owned by Bank of America. (The claim noted that it was being filed by eCAST, as agent for the creditor.) Subsequent to the filing of Claim Number 11, Bank of America sold the debtor's account to eCAST. A transfer of Claim Number 11 was filed with the court on November 6, 2008. In further support of Claim Number 11, enclosed are copies of the debtor's account statements, dated January, 2008 through May, 2008, which reflect the debtor's name, account numbers and monthly account activity, including payments. The May statement reflects a pre-petition balance due in the amount of $3,729.83 which supports Claim Number 11.

        **Claim Number 12** represents the debtor's Chase Bank USA, N.A. ("Chase") credit card account number 4266921010175113. At the time Claim Number 12 was filed, the account was owned by Chase. (The claim noted that it was being filed by eCAST, as agent for the creditor.) Subsequent to the filing of Claim Number 12, Chase sold the debtor's account to eCAST. A transfer of Claim Number 12 was filed with the court on November

6, 2008. In further support of Claim Number 12, enclosed are copies of the debtor's account statements, dated January, 2008 through April, 2008, which reflect the debtor's name, account number and monthly account activity, including payments. The April statement reflects a pre-petition balance due in the amount of $3,179.30 which supports Claim Number 12.

**Claim Number 13** represents the debtor's Chase credit card account number 5323503490807171. At the time Claim Number 13 was filed, the account was owned by Chase. (The claim noted that it was being filed by eCAST, as agent for the creditor.) Subsequent to the filing of Claim Number 13, Chase sold the debtor's account to eCAST. A transfer of Claim Number 13 was filed with the court on November 6, 2008. In further support of Claim Number 13, enclosed are copies of the debtor's account statements, dated January, 2008 through April, 2008, which reflect the debtor's name, account number and monthly account activity, including payments. The April statement reflects a pre-petition balance due in the amount of $3,856.72 which supports Claim Number 13.

**Claim Number 14** represents the debtor's Bank of America credit card account number 5490500016859147, also known as 5487890079903782. At the time Claim Number 14 was filed, the account was owned by Bank of America. (The claim noted that it was being filed by eCAST, as agent for the creditor.) Subsequent to the filing of Claim Number 14, Bank of America sold the debtor's account to eCAST. A transfer of Claim Number 14 was filed with the court on November 6, 2008. In further support of Claim Number 14, enclosed are copies of the debtor's account statements, dated January, 2008 through May, 2008, which reflect the debtor's name, account numbers and monthly account activity, including payments. The May statement reflects a pre-petition balance due in the amount of $998.85 which supports Claim Number 14.

**Claim Number 15** represents the debtor's Chase credit card account number 5323503499289306. At the time Claim Number 15 was filed, the account was owned by Chase. (The claim noted that it was being filed by eCAST, as agent for the creditor.) Subsequent to the filing of Claim Number 15, Chase sold the debtor's account to eCAST. A transfer of Claim Number 15 was filed with the court on November 6, 2008. In further support of Claim Number 15, enclosed are copies of the debtor's account statements, dated January, 2008 through May, 2008, which reflect the debtor's name, account number and monthly account activity, including payments. The May statement reflects a pre-petition balance due in the amount of $2,402.25 which supports Claim Number 15.

I trust the enclosed documentation is sufficient. If you have any questions or concerns, please feel free to contact me.

**Lauren Spadaro**
Becket & Lee LLP
16 General Warren Blvd.
Malvern, PA 19355
(610) 644-7800 ext. 2618
Fax: (610) 993-8493
lspadaro@becket-lee.com

Confidentiality Notice: This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address or Becket & Lee, LLP at 610-644-7800 and delete this email from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

# EXHIBIT C





February 08, 2008

American Express
43rd Floor
200 Vesey Street
New York, NY 10285
PAP-568-A

MICHAEL CARLIN          8248-230
40 EXCHANGE PL SUITE #170
NEW YORK, NY 10005

RE: American Express Account Number: 373020976423001

Dear MICHAEL CARLIN:

This letter is in reference to the above account enrolled in the American Express Consumer Debt Management Plan Interest Rate and Fee Waiver (CDMP IRW) Program. We appreciate your continued participation, and wanted to provide you with a reminder of the Program terms, your current status within the Program and explain to you some of the **benefits associated with accelerating the completion of your plan.**

### Summary of Program Terms

As a reminder of the original CDMP IRW Program terms, you are required to pay the balance you owed to American Express when you entered the Program, making consistent equal payments over a plan period of 50 months. Upon successful completion, any interest and fees that have accrued on the account while it has been on the Program will be waived and credited to your account, and the account will be paid in full. If more than two payments are missed in a rolling twelve month period, you will no longer be eligible for an interest and fee waiver. The terms of the Program remain unchanged.

### Your Progress to Date

As of the date of this letter, our records indicate that you have a remaining balance of $8329.02 left to pay on your plan.

Your payment performance and compliance with the terms of the Program has been very good to date. However, the potential to miss payments month to month exists, and we want to see you receive the full benefit currently available to you.

### An Opportunity to Accelerate Program Completion

If your individual financial situation allows, we encourage you to consider completing your plan with one payment of $8329.02 or up to three sequential monthly payments. This completion will allow you to secure the following benefits:

* Waiver of $10676.77, which is the current amount of interest and fees accrued since you enrolled in the Program.
* Avoid the risk of becoming responsible for $19005.79 plus any additional interest and fees that may accrue on your account in the future if you fail to complete the plan according to its terms.
* Account designation as Paid-in-Full for credit bureau reporting purposes.

Whether or not you decide to accelerate your payments, please continue to work with your Credit Counseling Agency as we look forward to your successful completion of this Program. To discuss this option or questions you may have, please contact *NCO at 800-237-8215.

Sincerely,

Alice Sweeney
American Express

*NCO Debt Management Services has been authorized by American Express to act as the administrator of American Express' Consumer Debt Management Plan

1220-T